UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DONNAVON PARCHMENT,

                           Plaintiff,

       -against-

CITY OF NEW YORK, and
KEVIN DWYER, sued in his individual capacity,

                       Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff DONNAVON PARCHMENT, by his attorney, Jason Leventhal, Esq., as and for his complaint alleges as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     Plaintiff brings this action against defendant New York City police officer Kevin Dwyer and the City of New York for damages pursuant to 42 U.S.C. § 1983 for violations of his civil rights, as said rights are secured by the Constitution of the United States.

2.     On September 4, 2013, at approximately 12:25 a.m., Plaintiff was lawfully operating his automobile in the vicinity of Church Avenue and 95th Street in Brooklyn when police officer Scott Defalco intentionally or negligently, and wrongfully, caused his flashlight to strike and shatter Plaintiff's driver's window.  Thereafter, Defalco and defendant KEVIN DWYER approached Plaintiff and Defalco arrested Plaintiff without suspicion of a crime and without probable cause.  Defendant Dwyer failed to intervene to

prevent Defalco's unlawful arrest.

## JURISDICTION

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343

(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and

civil rights.

## VENUE

4.      Venue is proper in the United States District Court for the Eastern District of

New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the

events giving rise to Plaintiff's claims took place.

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each and every one of his

claims for which jury trial is legally available.

## THE PARTIES

6.      Plaintiff DONNAVON PARCHMENT is a thirty-seven-year old African-

American man residing in Queens County, New York.

7.      Defendant CITY OF NEW YORK ("the City") was and is a municipal

corporation duly organized, created, and existing under and by virtue of the laws of the

State of New York.

8.      Defendant City maintains the New York City Police Department (the

"NYPD"), a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the governing law, rules, and regulations

of the aforementioned municipal corporation, the City.

2

9.      At all times relevant herein, the Defendant KEVIN DWYER acted under color of state law in the course and scope of his duties and/or functions as an agent, employee, and/or officer of the City and/or the NYPD, and incidental to the lawful pursuit of his duties as an agent, employee, and/or officer of the City and/or the NYPD.

## FACTS

10.      On September 4, 2013, at approximately 12:25 a.m., NYPD officers Defendant KEVIN DWYER and Scott Defalco were working as partners on foot patrol when Plaintiff DONNAVON PARCHMENT was lawfully operating his automobile in the vicinity of Church Avenue and 95th Street, Brooklyn, New York.

11.      At said time, officer Defalco intentionally or negligently, and wrongfully, caused his flashlight to strike and shatter Plaintiff's driver's window.

12.      Shortly thereafter, Defendant DWYER and Defalco approached Plaintiff and Defalco arrested Plaintiff without suspicion of a crime and without probable cause.

13.      Defendant DWYER knew that Defalco had no lawful reason to arrest Plaintiff as DWYER knew that Plaintiff had not committed, was not committing, nor was about to commit any offense.

14.      Defendant DWYER observed Defalco arrest Plaintiff.

15.      Defendant DWYER had a reasonable opportunity to intervene and prevent Defalco from falsely arresting Plaintiff.

16.      Defendant DWYER failed to intervene to prevent Defalco from falsely arresting Plaintiff.

17.      As a result of defendant DWYER'S failure to intervene in Defalco's arrest

of Plaintiff, Plaintiff was imprisoned until approximately 10:00 p.m.

18.     All of the above occurred as a direct result of the policies, customs and/or practices of the defendant City, including, without limitation, the inadequate training, supervising, disciplining and retaining of its employees.

19.     The defendant City has maintained a custom, policy, and/or practice by which its police officers fail to intervene to prevent unconstitutional conduct of other officers and fail to report the misconduct of other officers.

20.     What happened to Plaintiff is not an isolated incident.  Similar wrongful conduct is documented in civil rights actions filed in New York State and federal courts.

21.     Defendant City is aware (from said lawsuits as well as notices of claims, and from investigations by the Mollen Commission, the NYPD's Internal Affairs Bureau, the City's Civilian Complaint Review Board, and the City's Department of Investigation) that NYPD officers participate in what has been referred to as "the blue wall of silence" as NYPD officers regularly and routinely fail to intervene to prevent the unconstitutional conduct of other officers and fail to report the unconstitutional conduct of other officers.

22.     Defendant City has long been aware that improper training of its police officers has often resulted in the deprivation of the civil rights of New York City residents as described herein.  Despite such notice, the City has failed to take corrective action.  This failure caused defendant DWYER to violate the Plaintiff's civil rights.

23.     All of the aforementioned acts of defendants, their agents, servants and

4

employees were carried out under the color of state law.

24.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Constitution of the United States of America and in violation of 42 U.S.C. § 1983.

25.     The acts complained of were carried out by defendant DWYER in his capacity as a police officer, with the entire actual and/or apparent authority attendant thereto.

26.     The acts complained of were carried out by defendant DWYER in his capacity as a police officer, pursuant to the customs, usages, practices, procedures, and the rules of the City and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.     As a result of the foregoing, Plaintiff sustained emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

29.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendant KEVIN DWYER in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

31.     NYPD officer Scott Defalco falsely arrested Plaintiff.

32.     Defendant KEVIN DWYER knew that Defalco was falsely arresting Plaintiff and DWYER had a duty to intervene and prevent Defalco from arresting Plaintiff.

33.     Defendant KEVIN DWYER had a reasonable opportunity to intervene and prevent Defalco from arresting Plaintiff.

34.     Defendant KEVIN DWYER failed to intervene and prevent Defalco from arresting Plaintiff.

35.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, he suffered emotional distress, embarrassment and humiliation.

36.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against Defendant KEVIN DWYER defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

6

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and New York City Police Department included, but were not limited to, inadequate training, supervising, disciplining and retaining its employees that was the moving force behind the violation of Plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly train, discipline, and supervise its officers, including defendant KEVIN DWYER, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

42.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by Plaintiff as alleged herein.

43.     As a result of the foregoing customs, policies, usages, practices, procedures

and rules of the CITY OF NEW YORK and the New York City Police Department, Plaintiff was unlawfully arrested and defendant KEVIN DWYER failed to intervene to prevent Plaintiff's unlawful arrest.

44.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

45.     All of the foregoing acts by defendants deprived Plaintiff of the federally protected rights to be free from false arrest and to be free from failure to intervene.

46.     As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against defendant KEVIN DWYER in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DONNAVON PARCHMENT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 4, 2016

/s_____
Jason Leventhal (JL1067)
Leventhal Law Group, P.C.
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600
*Attorneys for Plaintiff*